UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBRA LYNN KOCH,

      Plaintiff,

v.

NANCY BERRYHILL, COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.

18-CV-6110
DECISION & ORDER

---

On February 2, 2018, the plaintiff, Debra Lynn Koch, brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On January 15, 2019, Koch moved for judgment on the pleadings, Docket Item 13; on February 28, 2019, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 15; and on April 6, 2019, Koch replied, Docket Item 16.

For the reasons stated below, this Court grants Koch's motion in part and denies the Commissioner's cross-motion.

## **BACKGROUND**

### I.    PROCEDURAL HISTORY

On October 6, 2014, Koch applied for Supplemental Security Income benefits. Docket Item 8 at 193. She claimed that she had been disabled since December 27, 2013, due to a lower back injury, pain in her neck, pain in her shoulders, pain in her hips, and pain in her groin. *Id.* at 234.

On November 26, 2014, Koch received notice that her application was denied because she was not disabled under the Act. *Id.* at 88. She requested a hearing before an administrative law judge ("ALJ"), *id.* at 96, which was held on November 22, 2016, *id.* at 14. The ALJ then issued a decision on December 7, 2016, confirming the finding that Koch was not disabled. *Id.* at 26. Koch appealed the ALJ's decision, but her appeal was denied, and the decision then became final. *Id.* at 5.

## II. THE ALJ'S DECISION

In denying Koch's application, the ALJ evaluated Koch's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic

2

assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. See 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one the ALJ found that Koch had not engaged in substantial gainful activity since her alleged disability onset date. Docket Item 8 at 16. At step two, the ALJ determined that Koch had the severe impairments of lumbar spine disorder, depression, and a history of substance abuse with treatment. Id. at 16. At step three, the ALJ concluded that none of these impairments, singly or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 17.

At step four, the ALJ reached the following RFC determination:

[T]he claimant has the residual functional capacity to perform a full range of light work as defined in 20 C.F.R. 404.1567(b), except that the claimant is limited to 15

pounds of lifting and/or carrying occasionally, she is precluded from all ladders, ropes, or scaffolds climbing, and she is limited to occasional postural motions otherwise. The claimant needs a change of position opportunity as often as every 30 minutes for 1-2 minutes. The claimant must not be exposed to any dangerous work hazards (unprotected heights and exposed moving machinery). She is limited to detailed, but not complex work tasks not involving a fast assembly quota pace.

*Id.* at 18. Finally, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Koch can perform, such as photo copier or cashier. *Id.* at 24-25. Therefore, she was found not to be disabled.

## LEGAL STANDARDS

When evaluating a decision by the Commissioner, district courts have a narrow scope of review: they are to determine whether the Commissioner's conclusions are supported by substantial evidence in the record and whether the Commissioner applied the appropriate legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Indeed, a district court ***must*** accept the Commissioner's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In other words, a district court does not review a disability determination de novo. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

## DISCUSSION

I. **ALLEGATIONS**

Koch objects to the ALJ's RFC determination, arguing that the ALJ erred in reaching an RFC that was unsupported by substantial evidence and inconsistent with

4

legal standards. Docket Item 13-1 at 1. She also argues that the ALJ failed to follow the appropriate legal standard in evaluating her credibility. *Id.* And she argues that the ALJ erred by mischaracterizing limitations in the treating source opinion of Christina Demian, M.D., M.P.H., and assigning it only partial weight. *Id.* at 22. Because this Court agrees that this error alone warrants remand, the Court will not address Koch's other arguments.[1]

## II. ANALYSIS

When determining a plaintiff's RFC, the ALJ must evaluate every medical opinion received. 20 C.F.R. § 416.927(c). But "only 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight. 'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006)). Indeed, a treating source is an acceptable medical source that has an "ongoing treatment relationship" with the claimant. 20 C.F.R. § 416.927(a)(2). An ALJ generally should give greater weight to the medical opinions of treating physicians because those medical professionals are most able to provide a detailed, longitudinal picture of medical impairments. *See* 40 C.F.R. § 404.1527(c)(2). In fact, a treating physician's opinion

---

[1] Because the "remaining issues ... may be affected by the ALJ's treatment of this case on remand," this Court does not reach them. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

might well be entitled to controlling weight. *See, e.g.*, *Green-Younger v. Barnhart*, 335 F.3d 99 (2d Cir. 2003).

In evaluating whether a treating physician's opinion will be given controlling weight, the ALJ must first consider whether the opinion is "well-supported [sic] by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." § 404.1527(c)(2). If the ALJ decides that the opinion is not entitled to controlling weight, then the ALJ must "comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Pilarski v. Comm'r of Soc. Sec.*, 2014 WL 4923994, at *2 (W.D.N.Y. Sep. 30, 2014) (internal quotations omitted). In fact, the ALJ must "give good reasons" for the weight given to treating source opinions. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion . . . ."). "To override the opinion of the treating physician, [the Second Circuit has] held that the ALJ must explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal quotations and alterations omitted).

Here, Koch had a lengthy ongoing treatment relationship with Dr. Demian. Dr. Demian began treating Koch in 2011 and followed up with her every three months. Docket Item 6 at 569. In September 2016, Dr. Demian completed a medical source opinion questionnaire regarding Koch's physical limitations. *Id.* In that form, Dr.

6

Demian opined that Koch could lift and carry ten pounds only occasionally; rarely twist, stoop, or crouch; occasionally climb stairs; spend a total of only four hours sitting and two hours standing in a work day; and spend a maximum of only thirty minutes continuously sitting and fifteen minutes continuously standing. *Id.* at 569-70. She also noted that Koch's prognosis was "unlikely to change significantly." *Id.* at 569. Dr. Demian's previous opinions about the weight Koch could lift—given at follow-up appointments—had varied between five to ten pounds and fifteen pounds. *Id.* at 482-505.

In evaluating Dr. Demian's opinions, the ALJ found that there was no apparent "relationship between the claimant's longitudinal course of treatment and the variations in functional assessments." *Id.* at 21. Despite the limitation to lifting ten pounds in Dr. Demian's "more detailed" "most recent medical source statement," the ALJ concluded that "the overwhelming weight of her prior opinions indicated that [Koch] is capable of performing a range of light work of up to 15 pounds lifting and/or carrying occasionally."[2] *Id.* at 22.

"[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y. of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Fuller v. Astrue*, 2010 WL 3516935, at *5 (W.D.N.Y. Sep. 7, 2010) ("[A]n ALJ is not free to substitute his own lay opinion for opinions from treating sources.").

---

[2] The Commissioner argues that the distinction between lifting ten or fifteen pounds is a "minor one" that "should not be reason for remand." Docket Item 15-1 at 24. But that distinction is crucial in deciding whether a claimant can do light work or only sedentary work, *see* 20 C.F.R. § 404.1567, and could well have made a difference—under the Commissioner's own regulations—in deciding whether Koch was disabled, *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.14.

But that is precisely what happened here. The ALJ discounted Dr. Demian's final opinion that Koch could lift ten pounds—included in her detailed medical source statement—in favor of what the ALJ mischaracterized as "overwhelming weight of her prior opinions." *Compare* Docket Item 8 at 488, 490, 498, 500, 502, 503, 505, 569 (opining eight times that Koch could lift no more than ten pounds) *with id.* at 492, 494, 496, 497 (opining four times that Koch could lift up to fifteen pounds).[3]

And even if the contrary "weight" of her prior opinions were in fact "overwhelming," the limitations in Dr. Demian's medical opinion would be for her, not the ALJ, to decide. So if the ALJ suspected that the "overwhelming weight" of Dr. Demian's prior temporary opinions in her treatment notes was inconsistent with her more recent opinion in her medical source statement, then the ALJ at the very least was required to recontact Dr. Demian in this regard. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) ("In light of the ALJ's affirmative duty to develop the administrative record, 'an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear

---

[3] Koch also argues that the ALJ was simply incorrect to conclude that the weight of Dr. Demian's opinions reflected a lifting limitation of up to 15 pounds. Docket Item 13-1 at 24. Out of the twelve occasions in the record on which Dr. Demian assessed a lifting limitation, on eight she limited Koch to lifting ten pounds, *see* Docket Item 8 at 488, 490, 498, 500, 502, 503, 505, 569, and on four she opined to a limitation of fifteen pounds, *see id.* at 492, 494, 496, 497. Under regulations in force at the time of the hearing, when a treating source provides multiple opinions, "[a]djudicators must use judgment based on the facts of each case in determining whether, and the extent to which, it is necessary to address separately each medical opinion from a single source." Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996) (rescinded April 6, 2017, 2017 WL 3928297). Here, the ALJ may not have had to address each opinion separately, but the ALJ could not simply cherry-pick opinions that support her RFC determination. And in this case—where the treating source opines to a more restrictive limitation twice as often, and more recently, than a less restrictive limitation—substantial evidence certainly does not support the ALJ's reliance on the less restrictive limitation.

8

gaps in the administrative record.'"); *Urena-Perez v. Astrue*, 2009 WL 1726217, at *29 (S.D.N.Y. 2009) ("[I]f a physician's report is believed to be . . . inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician, as needed, to fill any clear gaps before rejecting the doctor's opinion.").

The ALJ also did not apply the correct legal standards in deciding not to grant Dr. Demian's treating source opinion controlling weight. The ALJ granted "partial weight" to the opinions because they are "partially consistent between each other, and are only partially consistent with other clinical findings." Docket Item 8 at 22. For evidence to be inconsistent, however, it must "conflict[] with other evidence," 20 C.F.R. § 404.1520b, and other than Dr. Demian's varying opinions on whether Koch could lift ten or fifteen pounds—discussed *supra*—the ALJ did not identify any conflicting evidence. *See* Docket Item 8 at 22. So the opinions were "not inconsistent" with the other evidence and the ALJ therefore still should have afforded those opinions controlling weight. *See Mogdis v. Comm'r of Soc. Sec.*, 2019 WL 652571, at *2 (W.D. Mich. Feb. 14, 2019) ("The ALJ . . . afforded [treating source's] opinion only 'partial weight, as it is partially consistent with the overall evidence of the record.' . . . [but] because there is no inconsistency, the ALJ's reason for giving [the] opinion less than controlling weight is invalid.").

What is more, consistency is only one of two considerations for whether to assign a treating source opinion controlling weight. 40 C.F.R. § 494.1527(c)(2). The ALJ does not even mention the other: whether Dr. Demian's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Id.*; *see* Docket Item 8 at 22.

In weighing the evidence, the ALJ must make specific findings and "conduct a distinct analysis that would permit adequate review on appeal." *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013) (quoting *Kohler v. Astrue*, 546 F.3d 260 (2d Cir. 2008)) (summary order). Here, the ALJ failed to "articulate" her "reasons for assigning weight as she did," thereby "frustrat[ing] the Court's ability to conduct meaningful review." *McGann v. Colvin*, 2015 WL 5098107, at *12 (S.D.N.Y. Aug. 31, 2015). The ALJ's failure to explain how Dr. Demian's opinion was inconsistent with other clinical findings, together with her failure to discuss whether the opinion was supported by "medically acceptable . . . techniques," makes it impossible for this Court to evaluate whether the ALJ correctly decided not to give Dr. Demian's opinion controlling weight. And that is still another reason to remand.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 15, is DENIED, and Koch's motion for judgment on the pleadings, Docket Item 13, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: May 30, 2019
Buffalo, New York

     *s/ Lawrence J. Vilardo*
     LAWRENCE J. VILARDO
     UNITED STATES DISTRICT JUDGE